OPINION OF THE COURT
Richard F. Braun, J.
This is a negligence action. Plaintiff alleges that he was injured on a defective sidewalk. Plaintiff moved to compel defendant 462 Bdwy Land, L.P. and Madison Park Loft Corp. *384 (defendants) to comply with a notice to produce, dated September 21, 1998 (the notice), and a notice to produce, dated November 1, 1998, and for an order extending the time for plaintiff to serve and file his amended complaint. Only defendants opposed the motion. Defendant City of New York did not take a position on the motion. All issues were resolved by stipulation upon the conferencing of this motion on its return date before this court, except for the branch of the motion to compel which seeks production of the items in paragraph 2 of the notice.
Paragraph 2 of the notice demands production of the following items: “The contents of the file and the file with the application for approval by the Landmarks Commission for work on the subject sidewalk, including but not limited to the bid, the plans, and the approval referred to at the deposition of Meringoff Properties on September 21, 1998.” Paragraph 2 of defendants’ response to the notice states: “Objection. Demand is vague and overly broad. Without waiving its objection, attached is a copy of the permit from The New York City Landmark Preservation Commission.”
CPLR 3122 (a) requires that, if a party objects to a notice for discovery and production of documents for inspection served pursuant to CPLR 3120, the objection(s) must be served within 20 days of service of the notice, and the party must “state with reasonable particularity the reasons for each objection.” (CPLR 3122 [a].) If, after objection, the party seeking the disclosure still wants to pursue the discovery sought, then the party must move to compel a response, pursuant to CPLR 3124. This was part of a revamping of CPLR article 31 discovery procedures in 1993. Before that, if a party objected to a notice under CPLR 3120, that party had to move for a protective order, under CPLR 3103, and specify his or her objections in the motion.
Plaintiffs attorney states that apparently an application was made to the New York City Landmarks Preservation Commission as to the subject sidewalk. In their attorney’s affirmation in opposition, defendants object to the disclosure on the basis that the documents sought are “inadmissible evidence” because they relate to repairs made subsequent to plaintiffs accident. The witness for defendant 462 Bdwy Land, L.P. testified at his deposition that the subject granite sidewalk is “a landmark sidewalk”, and one “could not touch this sidewalk without going to Landmark for approval.” He testified that he went to “Landmark” for approval two weeks before his deposition (no party states in his or its motion papers when plaintiffs ac *385 cident occurred, and no copies of the complaint or a bill of particulars by plaintiff are submitted).
Although defendants are correct that generally evidence of repairs made subsequent to an accident is not admissible (Caprara v Chrysler Corp., 52 NY2d 114, 122 [1981]), defendants have waived any objection that they may have had to the discoverability of the documents sought on the ground asserted in opposition to the motion. Defendants followed CPLR 3122 by specifying with reasonable particularity in their response to the notice the reasons for their objection. Defendants are bound by that response, and cannot assert a new objection for the first time in their motion papers to defeat the motion. Plaintiff should be allowed to inspect the documents sought. Any issue(s) as to the admissibility thereof must be addressed at trial.